BARTON *et al. v.* CHANCE *et al.*

GILBERT, J. Thomas S. Mims conveyed by deed to James A. Mims, and unto his successors in trust, certain described land, for the sole and separate use of the said James A. Mims, and seven brothers and sisters named therein, share and share alike. It provided further: "and in the event that either of the above-named cestui que trust should die leaving no child or children living, then and in that event his or her share is to go to the survivors of the above-named cestui que trust. . . The aforesaid tract of land is to be held by the said James A. Mims as trustee as aforesaid, and for the equal benefit of said cestui que trust, until the youngest surviving of my said children shall have attained the age of twenty-one years, where [when] it may be equally divided between them, subject to the provision of survivorship hereinbefore mentioned." When the youngest of the named children attained the age of twenty-one years, the land was divided by commissioners appointed by the superior court, and the land in dispute was assigned to James A. Mims, who died thereafter, leaving no child surviving him. *Held:*

1. The deed above described conveyed to James A. Mims the land in dispute in fee simple, defeasible in the event of his death without child or children surviving.

2. Under the terms of the deed, the title to the land in question vested, at the death of James A. Mims, in the brothers and sisters named in the deed, and not in the heirs at law of James A. Mims generally, which included the defendants in error, his half brothers and sisters.

3. The court having rendered a judgment contrary to the ruling above made, the same must be          *Reversed. All the Justices concur.*

No. 465. JANUARY 15, 1918.

Partition. Before Judge Hardeman. Screven superior court. June 20, 1917.

*A. B. Lovett,* for plaintiffs in error. *M. R. Lufburrow,* contra.